857 F.2d 1468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John L. FORBES, Petitioner-Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
 No. 88-6557.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 5, 1988.
Decided: Sept. 7, 1988.
 
 John L. Forbes, appellant pro se.
 Frank Snead Ferguson (Office of the Attorney General), for appellee.
 Before JAMES DICKSON PHILLIPS, SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 James L. Forbes, convicted in Virginia of first-degree murder in the stabbing death of Virginia Price, seeks to appeal the district court's denial of relief on his habeas petition raising claims of ineffective assistance of counsel and insufficiency of the evidence. We deny a certificate of probable cause to appeal and dismiss his appeal from the district court's decision.
 
 
 2
 Forbes's murder trial proceeded before the court sitting without a jury. The Commonwealth presented evidence that Forbes stabbed the victim to death in broad daylight on a city street in front of numerous witnesses and that just prior to the murder Forbes and the victim had been arguing. Certain of the testimony also established that after stabbing the victim numerous times in the face and chest and after starting to draw away, Forbes returned and slit the victim's throat. One witness also testified that Forbes repeatedly said "die" as he stabbed the victim. The Commonwealth's evidence further showed that Forbes had consumed approximately a quart of wine prior to the incident, and that when arrested the following day, Forbes told the officer that he had been arguing and drunk when he stabbed the victim and did not mean to hurt her.
 
 
 3
 Defense counsel briefly cross-examined three of the Commonwealth's witnesses. Counsel did not present any defense witnesses, nor did he give an opening statement or closing argument. The court found Forbes guilty of first-degree murder and set the matter for sentencing. At sentencing counsel argued in mitigation that Forbes was drunk and not in control of his faculties at the time of the offense. The court rejected this argument, finding that the evidence of drinking was insufficient to establish that Forbes did not know what he was doing.
 
 
 4
 Forbes claims in his federal habeas petition that trial counsel was ineffective in failing to (a) object to his being tried in prison attire; (b) present opening or closing argument; (c) present witnesses; or (d) present a defense of voluntary intoxication. Forbes further claims that the evidence was insufficient to sustain his conviction of first-degree murder because it established that he was intoxicated at the time of the offense, and that his appellate counsel was ineffective in failing to argue this point on appeal.
 
 
 5
 In denying federal habeas relief the district court found that Forbes's trial counsel was not constitutionally ineffective. As to counsel's failure to object to Forbes's standing trial in prison garb, the court noted that under Estelle v. Williams, 425 U.S. 501, 512 (1976), a state cannot compel a defendant to stand trial before a jury while attired in jail clothes. In this case nothing in the record indicated that Forbes was compelled to wear prison clothes; moreover, as a general proposition a judge is presumed to consider only competent evidence in reaching a verdict.
 
 
 6
 The court also found that counsel did not act incompetently in making the tactical decision, in view of the overwhelming evidence against Forbes, to forego giving an opening or closing statement; counsel did not present any witnesses because there were none. In addition, in view of the overwhelming evidence against him, Forbes could show no prejudice from the absence of argument or witnesses.
 
 
 7
 With respect to the failure to present a defense that Forbes's intoxication rendered him incapable of premeditation and deliberation, the court again found that Forbes could show no prejudice. The trial court was aware that Forbes had been drinking but found the evidence of intoxication insufficient to negate premeditation.
 
 
 8
 The district court likewise rejected Forbes's contention that the evidence of his drinking necessarily rendered the Commonwealth's case insufficient to support a conviction of first-degree murder, and his related contention that appellate counsel was ineffective in failing to argue that the verdict could not stand for this reason.
 
 
 9
 To establish a violation of his sixth amendment right to counsel, Forbes must show not only that counsel's representation fell below an objective standard of reasonableness but also that there is a reasonable probability that but for counsel's failings the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984). Counsel's failure to put on a defense does not, in itself, establish ineffectiveness--"[i]f there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade." United States v. Cronic, 466 U.S. 648, 656-57 n. 19 (1984); United States v. Ramsey, 785 F.2d 184, 194 (7th Cir.), cert. denied, 106 S.Ct. 2924 (1986). Nor does failure to present argument, absent "a reasonable probability that the omission affected the outcome" establish a denial of effective assistance. Nutall v. Greer, 764 F.2d 462, 466 (7th Cir.1985). We thus turn to whether there is a reasonable probability that if counsel had presented and argued a defense the result of the proceeding would have been different.
 
 
 10
 In view of the numerous witnesses to the stabbing, Forbes's only possible defense was to argue that his intoxication rendered him incapable of premeditation or deliberation. Proof of intoxication of a level preventing premeditation or deliberation serves to reduce the offense from first-degree to second-degree murder. See Giarratano v. Commonwealth, 220 Va. 1064, 1073, 261 S.E.2d 94, 99 (1980); Hatcher v. Commonwealth, 218 Va. 811, 814, 241 S.E.2d 756, 758 (1978) (evidence insufficient to warrant instruction on voluntary intoxication where defendant testified to having drunk a quart of whiskey).
 
 
 11
 We find no reasonable probability on this record, however, that counsel could have obtained a verdict of second-degree rather than first-degree murder by presenting an opening statement, engaging in more extended cross-examination, presenting defense witnesses, or making a closing argument. Forbes does not specify what witnesses counsel should have called or what their testimony would have been. Evidence that Forbes had been drinking and arguing with the victim was adduced through the Commonwealth's case. Counsel did argue at sentencing that due to intoxication Forbes was not in control of his faculties. The trial judge roundly rejected this argument, noting that Forbes had been fully capable of carrying on a conversation. The judge further stated in sentencing Forbes that there was no question whatsoever as to his guilt.
 
 
 12
 As Forbes has failed to point to any significant evidence not presented at trial and as the evidence presented clearly did not establish intoxication of a level rendering Forbes incapable of premeditating or deliberating, we find no prejudice resulting from counsel's failure to present witnesses or argument. Nor do we find any prejudice resulting from counsel's failure to object to Forbes's trial before the court in prison attire. Finally, in view of our conclusion that the evidence was insufficient to establish an intoxication defense, we reject Forbes's challenges to the sufficiency of the evidence and to the failure of appellate counsel to press this sufficiency argument on appeal.
 
 
 13
 We accordingly grant leave to proceed in forma pauperis, deny a certificate of probable cause to appeal, and dismiss Forbes's appeal. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 DISMISSED.